Missouri, Kansas & Texas Railway Company of Texas v.
M. M. Levy & Co.

Decided June 7, 1900.

**Amendment—New Cause of Action—Limitations.**

Where plaintiffs' cause of action as set out in their original petition was for damages to a shipment of sugar by allowing it to become wet while in transit on defendant's cars, a supplemental petition or count, averring that the injury, if not caused as alleged in the original petition, was occasioned by defendant's negligence in not loading, as directed by plaintiffs, only dry and undamaged sugar from a large cargo lot thereof landed from a foreign vessel consigned to the plaintiffs, presents a new cause of action against which limitations could be interposed.

APPEAL from the County Court of Galveston. Tried below before Hon. Morgan M. Mann.

*Mott & Armstrong,* for appellant.

*S. S. Hanscom,* for appellees.

GARRETT, Chief Justice.—This is the second appeal in this case. The action was originally brought by the appellees to recover of the appellant damages for failure to transport and deliver in as good condition as received two carloads of sugar.

The material allegations of the original petition are as follows: "In or about the month of June, 1896, the plaintiffs made and entered into a contract with Monaghan Bros., of Omaha, Neb., for the sale of 400 bags of German granulated sugar, at the price of $1868, to be shipped to Omaha, Neb., and at or about the same time, to wit, June 20, 1896, agreed and contracted to sell to the said Monaghan Bros. another lot of 300 bags of granulated sugar at the price of, to wit, $1401, to be shipped over the line of defendant road and connecting lines to said Monaghan Bros. at Council Bluffs, Iowa; that pursuant to the order from Monaghan Bros. and of their, the plaintiffs', contract of sale to them of said lots of sugar, plaintiffs, on or about the 20th day of June, 1896, agreed with and did deliver to defendant on board its cars at Galveston, Texas, in good order the said two lots of sugar; that the defendant received the said two lots of sugar at Galveston, Texas, in good order and condition, and for a valuable consideration agreed with plaintiffs and undertook to carry and deliver the said two lots of sugar to Monaghan Bros. at the city of Omaha, Neb., and at Council Bluffs, Iowa, respectively, in like good order and condition; * * * that notwith-

standing defendant's undertaking and agreement as aforesaid to so deliver the said lots of sugar, on the arrival of said sugar in the town of Omaha, Neb., and Council Bluffs, Iowa, by and through the negligence and want of care of defendant, it had become wet and damaged and thereby unmerchantable,   *   *   *   and that such loss was occasioned by the carelessness and negligence of the defendant in not properly carrying and protecting the said sugar from wet in its cars, and in its failure and negligence in carrying out its agreement to deliver said two lots of sugar in like good order as said two lots had been received by it."

The defense was that no loss or damage to the sugar occurred upon the line of the appellant. Upon the first appeal the judgment of the lower court was reversed because the judgment was contrary to the finding of the court that there was no damage by wet sustained by the sugar while in transit. Railway v. Levy, 50 S. W. Rep., 1026. After the cause had been remanded for another trial, the appellees filed, on January 22, 1900, a pleading styled by them a supplemental petition as follows:

"Come plaintiffs, by their attorney, and with leave of the court first had, file this their supplemental petition, and allege that if said sugars were not damaged, as alleged in their original petition, the same were received by defendant, its agents and employes, and without the knowledge and consent of plaintiffs, in a damaged condition from the ship or vessel on which such sugars were loaded, and loaded on the cars of defendant in such damaged condition, without the knowledge or consent of plaintiffs or either of them, and that prior to such receipt and loading by defendant of said sugars, said defendant, its agents and employes, were duly notified, cautioned, and warned by plaintiffs to be careful and only select out of the sugars (there being about 5000 bags in the cargo and deposited by the ship on the wharf contiguous to defendant's cars) only such sugars as were in good order and condition; that it was easily to be determined from a casual inspection and handling of said sugars, while in the sacks, whether or not the same had been damaged whilst in the hold of the vessel from which it was unloaded or otherwise, and failure to so determine its condition was, through the negligence and carelessness on the part of said defendant, its agents and employes, if not damaged while in transit, as alleged in plaintiff's petition, then it was through the negligence of defendant as set up herein first above, whereby plaintiffs were deprived of any remedy they might have had to hold the ship and its owners for the loss and damage accruing to them; that said ship in which said sugars were brought to Galveston was a foreign vessel, and its owners nonresidents, and by the action of defendant, all evidence destroyed whereby said shipowners could be shown to be liable, and any claim plaintiffs may have had against said vessel or its owners is now barred by the statute of limitations, and otherwise any such claim is impossible of recovery, even if plaintiffs ever had or could have had any cause or right of action against such vessel or its owners; and through the negligence and want

of care on the part of defendants, as set up and alleged herein, plaintiffs have been damaged as alleged in their original petition, and for which damages they pray judgment as therein, and for interest and costs of suit and for general relief."

To this supplemental petition or amendment the appellant pleaded the statute of limitation of two years. Upon the trial the court refused special instructions requested by the appellant presenting the defense of limitation to the cause of action as set out in the supplemental petition, which action has been assigned as error. The pleading was really an amendment of the petition, and was a new count therein upon which the appellees sought a recovery. It clearly set up a new cause of action. The action as originally brought was upon a breach of contract to carry the sugar and deliver it in good order and condition. The amendment was to recover damages for a tort in negligently taking the sugar from the vessel, without the knowledge and consent of the appellees, in a damaged condition, and transporting it to such a distance that appellees were deprived of any remedy they might have had to hold the ship and its owners for the damage. The pleading is not a mere enlargement or amplification of the original cause of action, but presents an entirely new and distinct cause of action. Railway v. Pape, 73 Texas, 502; Jones v. Bull, 90 Texas, 189. The facts alleged constitute the cause of action. Lee v. Boutwell, 44 Texas, 152; Am. and Eng. Enc. of Law, 2 ed., p. 776. A change of the form of the action from contract to tort is not a change of cause of action where the same facts are relied on. Railway v. Richards, 32 S. W. Rep., 96.

An analysis of the cases cited by the appellee shows a clear distinction between them and the present case. Massey v. Blake, 3 Texas Civil Appeals, 57, was a suit upon a note; the original petition alleged liability of defendant as a partner, but on denial of the partnership under oath by the defendant, the plaintiff amended and alleged the liability of the defendant for that he had assumed and promised to pay the note. In Railway v. Mitten, 13 Texas Civil Appeals, 653, and Railway v. Buckalew, 34 Southwestern Reporter, 165, the amendment was of a different ground of negligence whereby the same injury resulted. Sweetzer v. Claflin, 82 Texas, 513, was a suit upon a note; the original petition alleged that the note had been "made, executed, delivered, and indorsed to said plaintiffs" and "indorsed as follows, to wit, Dreben & Lewis." The amendment alleged that the note of Dreben & Lewis was made payable to themselves, and was by them indorsed in blank to Isaac Lewis, who indorsed it to plaintiffs. It was the same debt, and the amendment only set out more fully and accurately the description of the note and the manner in which plaintiffs acquired it. The case of Landa v. Obert, 78 Texas, 33, was an action to recover money and notes obtained by duress; after four years an instrument of writing was set up evidencing an agreement to pay back upon condition that defendant should become convinced that he had not settled correctly. It was held that the cause

of action remained after the amendment as it was originally, and that it was still a suit for the recovery of the notes and money.

In this case the original cause of action was for the recovery of damages to the sugar because of wet in transit. As amended it was for such damages as would grow out of the tort of the appellant in shipping the damaged sugar to Omaha, and we are not even prepared to say that this would authorize a recovery to the extent to which the goods had been damaged. It is quite clear that the supplemental count sets up a new cause of action. For the error of the court above pointed out, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*