### THOMPSON v. BRACKEN et al.
No. 11883.

Court of Civil Appeals of Texas. Dallas.
March 28, 1936.

Rehearing Denied May 2, 1936.

McEntire, James & Shank and Clower & Sewell, all of Tyler, for plaintiff in error.

Wynne & Wynne, of Wills Point, Vinson, Elkins, Sweeton & Weems and David T. Searls, all of Houston, and Hamilton, Lipscomb & Wood, of Dallas, for defendants in error.

BOND, Justice.

This suit was instituted by I. W. Thompson, plaintiff, in the district court of Van Zandt county, Tex., against J. A. Bracken et al., defendants, to have the description reformed in a deed which, in 1906, had been executed and delivered to him by E. B. Tunnell so that such description would include a 5-acre strip of land subsequently deeded to the defendants.

The issue involved is succinctly stated in plaintiff's petition:

E. B. Tunnell was the owner of 137 acres of land in Van Zandt county, Tex., and, in 1906, sold to plaintiff 51 acres out of the southeast corner and south of a bermuda patch then situated on the larger tract. In the deed, the tract of land is specifically described by metes and bounds to include only 46.06 acres, and the description concludes with the clause "containing 51 acres of land, more of less." A judgment in the district court of Van Zandt county, Tex., and subsequent conveyances to the defendants of the remainder of the 137 acres, under which the defendants claim legal title to the 5 acres of land, either make reference to or excepted from the description of the lands conveyed "51 acres deeded to plaintiff by E. B. Tunnell, as described in his deed." These references are the ground on which the plaintiff fastens notice to the defendants of his outstanding equitable title to the land in controversy.

Inasmuch as the plaintiff specifically alleged the character of notice to the defendants to be the above recitals in the judgment, appearing in their claim of title, the defendants challenged plaintiff's cause of action by a general demurrer. The trial court sustained the demurrer; plaintiff declining to amend, the cause was dismissed.

■ We are confronted with the question as to whether the recitals in the deed of E. B. Tunnell to the plaintiff, specifically describing 46.06 acres of land and concluding with the clause "containing 51 acres of land, more or less," when brought to the notice of defendants, as subsequent purchasers, by reference in their chain of title, are sufficient to visit notice on them or cause inquiry to be made by them as to plaintiff's equitable title to the 5 acres in controversy. If the plaintiff was entitled to reform the description in his deed and to engraft an equity upon a legal title, then the burden was upon him to allege sufficient notice to the purchasers of his equity. The question presented is one of law, arising from conceded facts disclosed in the petition.

In the case of Teagarden v. R. B. Godley Lumber Company, 105 Tex. 616, 154 S.W. 973, 974, our Supreme Court said: "The right of the plaintiff Teagarden in the land is an equity. The Godley Lumber Company has the legal title. The rule is that under this state of facts the burden was upon plaintiff to show notice to the Godley Lumber Company. Barnes v. Jamison, 24 Tex. 362; Baldwin v. Root, 90 Tex. 546, 40 S.W. 3; Rogers v. Houston, 94 Tex. 403, 60 S.W. 869." See, also, Beavers et al. v. Baker, 58 Tex. Civ.App. 35, 124 S.W. 450, 453 (writ of error refused); Commonwealth Building & Loan Ass'n v. Howard (Tex.Civ.App.) 61 S.W.(2d) 546.

In the case of Beavers et al. v. Baker, supra, appellants sought to reform the description in their deed by reason of a mistake. The court said: "In other words, appellee was in the attitude of holding the legal title as against which appellants offered a title in equity and sought enforcement of the appropriate equitable remedy. Appellants were therefore required to not only prove their equitable title, but also to show that the holder of the legal title had notice thereof. Halbert v. DeBode [15

Tex.Civ.App. 615], 40 S.W. 1011, and cases therein cited on this point, page 1018."

Enlightened by the authorities and the averments in plaintiff's petition, we are of the opinion that the recitals in the deed to plaintiff from Tunnell and the references thereto, in subsequent conveyances appearing in defendants' chain of title to the land in controversy, are insufficient to put the defendants on notice of an alleged mistake in the description, because such deed failed to convey the 5-acre tract in controversy. Then, if the deed does not convey this tract, certainly a reference to it would not place subsequent purchasers on notice that the tract was intended to be conveyed by the deed. The reference to metes and bounds description in the deed controls over the general recital clause "containing 51 acres of land."

■ The rule, tersely stated in Texas Jurisprudence, vol. 14, p. 1041, is: "Unless a different intention is manifested by the words of the instrument, a deed conveys the land as described notwithstanding the fact that the quantity stated is greater or less than the actual area. The presumption is that the quantity was computed from the description, not that the parties intended to convey the quantity mentioned at all events. Accordingly, it is held that the deed conveys title to the land described regardless of the discrepancy in area." Then again, in the case of Standefer v. Miller, 182 S.W. 1149, 1152, the Amarillo Court of Civil Appeals said: "Where a deed describes land by metes and bounds, the mention of the quantity conveyed will be treated as a mere matter of description, and will not have controlling effect. Dalton v. Rust, 22 Tex. [133], 134; Hatch v. De la Garza's Ex'r, 22 Tex. 176;

Gulf, C. & S. F. Railway Co. v. Richards, 11 Tex.Civ.App. 95, 32 S.W. 96–100; Leon & H. Blum Land Co. v. Dunlap, 4 Tex.Civ.App. 315, 23 S.W. [473], 475; Jordan v. Young [Tex.Civ.App.] 56 S.W. 762–764; Ridgell v. Atherton [Tex.Civ. App.] 107 S.W. 129. Calls for quantity are generally regarded as descriptive, and will be resorted to in the absence of monuments or course and distance to identify the land. Welder v. Hunt, 34 Tex. 44, 45."

■ In the instant case, the metes and bounds description of the land conveyed to plaintiff by Tunnell clearly does not convey 51 acres of land to include the 5 acres in controversy. It conveys only 46.06 acres, and such description must be regarded as controlling over the general recital clause in determining the land that the defendants are put on notice as being conveyed in the deed. Hence it follows that the specific description over the general recital of acreage and the references thereto in defendants' chain of title gave them no notice that it was intended in the Tunnell deed to convey land other than that set out in the metes and bounds description. Therefore, assuming that plaintiff's cause of action is true and that the defendants had notice of the recitals in the Tunnell deed, such concessions are made only for the purpose of testing the legal sufficiency of the cause; and, as we view the specific allegations of the character of notice which is claimed the defendants had, they are insufficient to state a cause of action against the purchasers of the legal title to the land in controversy.

The trial court did not err, we think, in sustaining the defendants' general demurrer to plaintiff's petition; accordingly, the judgment of the lower court is affirmed.

Affirmed.