STANDEFER v. MILLER.   (No. 909.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 26, 1916.)

1. DEEDS  ⏤120 — CONSTRUCTION — ESTATE GRANTED.

Every part of a deed must be given effect, if possible; and, when all of the parts are harmonized, the largest estate that its terms will permit will be conferred upon the grantee.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 375–393, 401, 407–412, 416–454; Dec. Dig. ⏤120.]

2. DEEDS ⏤95—CONSTRUCTION—AMBIGUITY.

Where the language of a deed cannot be harmonized, from which an ambiguity arises, so that the instrument is susceptible of two constructions, the interpretation most favorable to the grantee will be adopted.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 238, 241–254; Dec. Dig. ⏤95.]

3. DEEDS ⏤115—CONSTRUCTION—REJECTION OF FALSE MATTER.

Where the description of the property in a deed contains false matter, without which the description would be sufficient to identify the property conveyed, such false matter will be rejected and effect given to what remains.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 325; Dec. Dig. ⏤115.]

4. DEEDS ⏤114—DESCRIPTION—CONTROL BY RECITAL OF QUANTITY.

Mention of the acreage conveyed by a deed describing the land specifically by metes and bounds does not control as to the property conveyed, since calls for quantity are generally regarded as descriptive, and will be resorted to only in the absence of monuments of courses and distances to identify the land.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 316–322, 326–329, 388; Dec. Dig. ⏤114.]

5. DEEDS ⏤114—CONSTRUCTION.

Where a deed, following the field notes calling for the length of the lines east and west and for the north and south boundary lines of the section of which the land conveyed was a part, the amount conveyed lying between the designated boundaries, recited that the intention of the parties was "to convey said amount of land,"

⏤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

such recital did not refer alone to the quantity of the land conveyed, first mentioned in the deed.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 316–322, 326–329, 388; Dec. Dig. ☞ 114.]

6. DEEDS ☞115 — CONSTRUCTION — INCONSISTENCY.

Where there was an inconsistency in a deed, in that the boundaries of the land included a greater acreage than the deed recited was intended to be conveyed, the trial court, having found the fact, could treat the statement of the quantity as false; the description being sufficient without it.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 325; Dec. Dig. ☞115.]

7. EVIDENCE ☞461 — PAROL EVIDENCE AFFECTING WRITING.

Where the general description of a deed recited an amount of land intended to be conveyed less than the specific boundaries given therein included, parol evidence was not admissible to alter the calls given in the description of the land to include only the recited amount, although it is admissible to explain a latent ambiguity.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. ☞461.]

8. EVIDENCE ☞461—PAROL EVIDENCE—MISTAKE IN CALLS OF DEED.

Where the calls of a deed were made by mistake, so that it conveyed too great an acreage, correction of the instrument under the rules of pleading in such cases is the proper remedy, and not the introduction of parol evidence as to the correct calls in an action to recover part of the land conveyed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. ☞461.]

9. DEEDS ☞38 — INVALIDITY — PATENT AMBIGUITY.

Where the ambiguity in a deed as to the land conveyed is patent, and so inconsistent and contradictory that the deed is inoperative, no land passes by it, unless the deed is corrected to conform to the actual agreement of the parties.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 65–79; Dec. Dig. ☞38.]

10. DEEDS ☞114—CONSTRUCTION.

Where a general description in a deed of the acreage intended to be conveyed is inconsistent with the particular locative calls identifying the land, such deed should be construed most favorably to the grantee.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 316–322, 326–329, 388; Dec. Dig. ☞ 114.]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by J. H. Standefer against W. S. Miller. From a judgment for defendant, plaintiff appeals. Affirmed.

Ferguson & Puckett, of Lubbock, for appellant. W. F. Schenck, of Lubbock, for appellee.

HUFF, C. J. The appellant, Standefer, brought this action against the appellee, Miller, to recover about 16 acres of land. He alleged that he owns all of section 112 in block 20, except 240 acres off of the west end of the section, and that appellee owns the 240 acres. About January 4, 1906, appellant sold and conveyed to J. F. Robinson 240 acres of the land, to be taken from the west end of the section; that it was stipulated in the deed that it· was agreed that it should convey 240 acres off the west end of the survey, so that in no event would the purchaser obtain either more or less than the 240 acres by reason of any change of the boundaries of the section, making it either wider or narrower than it was then estimated. It is alleged also that appellee had both actual and constructive notice of the agreement; also that the section is in fact 1,488 varas wide, and that the 240 acres extends east from the northwest corner of the survey 907 varas; that is, the 240 acres is 907 varas, and extends entirely across the west end, and that the east line is parallel to the west line; that appellee, without right, has placed his east line east of the correct location so as to make the portion claimed by him 256 acres, 16 acres in excess of the amount to which he was entitled, and he has taken possession thereof, asserting title thereto. The prayer is that appellant have judgment, and that his line, with appellee's east line, be established at a point 907 varas 89° 37' east from the northwest corner of the section; thence south to the south line of the section, which is 1,488 varas. The appellee answered by general and special exceptions, general and special denial, not guilty, and set up that he is the owner of the land sought to be recovered under a regular chain of transfers from the state and from the appellant; and he prayed to have the land decreed to him, and that he be quieted in his title. The trial court instructed a verdict for the appellee, in accordance with which judgment was rendered for the appellee as prayed, giving therein the field notes as given in the patent to the land issued to appellee as assignee of appellant. The field notes and description of the land in the deed from Standefer to J. F. Robinson, is as follows:

"240 acres of land off of the west end of section 112, abstract No. 1115, in block 20, in Lubbock county, located about 11 miles S. 23' east of the county seat and more particularly described as follows: Beginning at a stake and earth mound on S. line of Ben Ficklin I a Mfg. Co. survey No. 77 and 379, varas east from the S. W. corner of said sur. and at the most easterly northeast cor. of J. L. Obannon survey No. 104 and the N. W. corner of said survey No. 112, thence east along S. line of sur. No. 77, 967 varas to a point. Thence south 1432 varas to a point in the S. line of said survey 112; thence west 967 varas to S. W. corner of said Sur. No. 112; thence north along W. line of said survey No. 112 to the place of beginning. The intention of this deed being to convey said amount of land off of the west side of said survey No. 112. Said survey 112 block 20 above described was awarded by the commissioner of the General Land Office of the state of Texas, to J. H. Standefer."

The clause, "the intention of this deed being to convey said amount of land off of the west side of said survey No. 112," is not included in the description in the deed from Robinson to Miller.

Appellant presents three assignments of

error: (1) That the court erred in excluding the evidence offered by appellant to show the intention of the parties to the above deed, dated January 4, 1906, and to identify the land intended to be conveyed by the deed; (2) that it was error to direct a verdict for appellee, thereby placing a construction on the deed in violation of its express terms; (3) that the court erred in refusing appellant's charge to find for him because the deed conveys only 240 acres, which the deed shows was the expressed intention of the parties, and that it is admitted that appellee claims 255 acres, and by reason of the ambiguity caused by changing the boundaries of the land conveyed. The evidence offered by appellant and rejected was to the effect that when the deed was made by appellant to Robinson, the land was not surveyed and the line and corners to section 112 established. At that time there had been two or three surveys of the adjoining surveys, and none regarded as established; that the appellant made an agreement to sell Robinson 240 acres, with no boundaries agreed upon. The description was not discussed until they went to write the deed. The appellant testified:

"I told Robinson the land might widen or be wider when the lines were established and he said, 'Yes, and it might be narrower,' and I said I wanted to put in the deed so that if it widened, I would get my quantity of land and he would get 240 acres of land."

The testimony of W. R. Standefer was offered, to the effect that he had surveyed the land and that he told Miller that the field notes in his deed were not correct, and that the land was wider than it was supposed to be when the deed to Robinson was made. Miller said he had bought 240 acres of land, and at that time did not claim any more. The northwest corner of section 112 was at the trial established 55 or 60 varas north of where it was supposed to be when the deed was made. J. J. Dillard, who wrote the deed, says it was his understanding there was to be 240 acres, no more and no less; that he made the calculation himself so as to get the number of acres; that there was some difference as to where the survey was on the ground, and, being in doubt as to that, he wrote in the deed it was to be 240 acres. The appellee objected to the above testimony, because the statements made were not carried into the deed; that the suit was not brought to reform the deed; that the deed itself is not ambiguous and the evidence would tend to contradict the deed and contradict the field notes thereof; and that the evidence was irrelevant and immaterial. The court thereupon excluded the evidence.

[1-3] It will be noted the deed calls for the northwest corner and the southwest corner of section 112, for the west line of the land conveyed; that for its south and north line it calls for the adjoining surveys to section 112. The distance from the north line of the section to the south line called for is 1,432 varas; for its east line it called to run with the north and south boundaries of the section 967 varas east from the northwest, and from the southwest corners of the section. It appears from the patent introduced in evidence that the land was patented to appellee, and that the east line of the land so patented is 1,488.4 varas, and the west line is 1,484.6 varas in length. The field notes in the deed definitely fix and locate the land. The calls for the corners of section 112 on the west will carry the boundaries of the land to those points. The north and south lines must follow the adjoining surveys called for the distance given in the deed. There is no ambiguity in the field notes: The land actually conveyed, can be readily located by them. It is contended, however, that the recitals, "240 acres of land off of the west end of Sec. 112," and, "the intention of this deed being to convey said amount of land off of the west side of said survey No. 112," render it certain that only 240 acres were conveyed and no more, or, if not, it is an ambiguity which will admit parol testimony. It will be seen by the petition appellant sought to shorten the length of the north and south boundary lines 60 varas, or instead of running them 967 varas, called for in the field notes, seek to have them run only 907 varas. He seeks this, we presume, on the ground that 240 acres was conveyed off of the west end, and because the section is wider than thought at the time of making the deed and those lines should be shortened to conform to the survey as later ascertained. To give 240 acres, either the north and the south lines or the east and the west lines must be shortened. The course and distance called for must be disregarded on one or the other of the lines if appellant is to prevail; and appellant has selected the north and south boundary lines for that purpose. Judge Brown, in Cartwright v. Trueblood, 90 Tex. 535, 39 S. W. 930, gives some of the rules which must govern in the construction of the deed, as follows:

"Every part of the deed must be given effect if it can be done; and, when all of the parts are harmonized, the largest estate that its terms will permit of will be conferred upon the grantee. Hancock v. Butler, 21 Tex. 816. If the language cannot be harmonized, from which an ambiguity arises in the deed, so that it is susceptible of two constructions, that interpretation will be adopted which is most favorable to the grantee. Dev. Deeds, § 848. If there be that in the description of the property conveyed which is false, without which the description would be sufficient to identify the subject-matter of the deed, the false part of the description will be rejected, and effect given to that which remains. Arambula v. Sullivan [80 Tex. 615] 16 S. W. 436."

[4] In the case of Cullers v. Platt, 16 S. W. on page 1005, 81 Tex. on page 264, it is said:

"Where a grantor conveys, specifically by metes and bounds, so there can be no controversy about what land is included and really conveyed, a general description as of all of a certain tract conveyed to him by another person,

or, as in this case, all of a survey except a tract belonging to another person, cannot control; for there is a specific * * * description, about which there can be no mistake, and no necessity for invoking the aid of the general description. * * * A general description may be looked to in aid of a particular description that is defective or doubtful, but not to control or override a particular description about which there can be no doubt. There can be no doubt about what land Purinton conveyed to Collins, whatever he may have intended to convey, and it is entirely unnecessary to look to the general inference that it was all the balance of the Tyson survey, which might be true or not true without affecting the parcels really conveyed. It was supposed at the time that the tracts conveyed did comprise the balance of the survey, but it subsequently developed that the Tyson survey overran in quantity, and that the recital was in point of fact not true." Davis v. George, 104 Tex. 107, 134 S. W. 326; Boggess v. Allen, 56 S. W. 195; Wadsworth v. Vineyard, 131 S. W. 1174, 1175.

Where a deed describes land by metes and bounds, the mention of the quantity conveyed will be treated as a mere matter of description, and will not have controlling effect. Dalton v. Rust, 22 Tex. 134; Hatch v. Garza, 22 Tex. 176; Railway Co. v. Richards, 11 Civ. App. 95, 32 S. W. 96–100; Leon v. Dunlap, 4 Civ. App. 315, 23 S. W. 475; Jordan v. Young, 56 S. W. 762–764; Ridgell v. Atherton, 107 S. W. 129. Calls for quantity are generally regarded as descriptive, and will be resorted to in the absence of monuments or course and distance to identify the land. Welder v. Hunt, 34 Tex. 44, 45.

[5] The contention of appellant is that the recital that the intention was "to convey said amount of land" refers alone to 240 acres. The recitation follows the field notes, which call for the length of the lines east and west, and for the north and south boundary lines of the section. The amount conveyed lay between the designated boundaries which were thereinabove set out by the field notes. It does not follow as a necessary sequence that "amount" refers alone to the quantity, 240 acres, first mentioned in the deed.

[6-10] The trial court was authorized to adopt that construction most favorable to the grantee in the deed. If he found within the designated boundaries there was more than 240 acres, he could treat the statement of the quantity as false, as without it the description of the land was sufficient to identify the land. He could reject the quantity called for. The appellant in this case contends that, there being an ambiguity in the deed, parol evidence was admissible to show the true intention of the parties. If the parol evidence offered had been admitted in the case, it would have contradicted the call for the lines running east and west, and shortened them 60 varas, or it would have contradicted the calls for the northwest or southwest corners, and the adjoining surveys, and the calls for the north and south lines of section 112. In other words, it would have

reconstructed the deed so that it should read to begin at the northwest corner of the section; thence south with its west line to the southwest corner thereof; thence east a sufficient number of varas to make 240 acres, no more and no less.

Appellant cites us to the case of Sloan v. King, 33 Civ. App. 537, 77 S. W. 48. It is substantially held in that case that parol evidence is not admissible to alter the calls given in the description of the land in the deed, but may be admitted to explain the land by such call, explain discrepancies from their application to the land, etc. In other words, this would be admissible to explain a latent ambiguity. If the calls as made in the deed were made by mistake, then a correction of the deed, under the rules of pleading, in such cases, should have been sought. This is clearly pointed out by Judge Fisher in the above case. If the ambiguity is patent and so inconsistent and contradictory that the deed would be inoperative, then no land passed by it (Linney v. Wood, 66 Tex. 22, 17 S. W. 245), unless the deed was corrected to conform to the actual agreement of the parties; but, where a general description is given which is inconsistent with the particular locative calls which will identify the land, then the rule of construction should be adopted which will be most favorable to the grantee.

We believe the trial court ruled correctly in this case, and the judgment will be affirmed.