**LUSE et ux. v. PENN.   (No. 1084.)**

(Court of Civil Appeals of Texas. El Paso. March 4, 1920. On Rehearing April 8, 1920.)

**1. Appeal and error ⬤➡901—Burden is on appellants to show error.**

In a suit to remove a cloud from plaintiff's title to land, the burden was on defendants to show that the judgment of the lower court vesting title in plaintiff was erroneous.

**2. Appeal and error ⬤➡552 — Statement of facts insufficient to show error in decree.**

In a suit involving the ownership of oil, petroleum, and gas in a tract of land, a judgment vesting title in plaintiff was not shown to be erroneous by a statement of facts which showed that a deed in his chain of title excepted certain rights in the deed reserved without showing what the excepted rights or reservations were.

On Rehearing.

**3. Mines and minerals ⬤➡55(7)—Oil, petroleum, and gas passed by deed when not reserved, though reserved in earlier deed.**

Though a conveyance of land reserved all coal and minerals, a subsequent deed from the same grantors to the same grantee passed title to oil, petroleum, and gas, in the absence of an express reservation.

Appeal from District Court, Eastland County; Joe Burkett, Judge.

Suit by V. W. Penn against J. E. Luse and wife. From a judgment for plaintiff, defendants appeal. Affirmed.

Scott, Brelsford & Smith, of Eastland, and R. B. Truly, of Ballinger, for appellants. Eugene Lankford, of Cisco, and G. W. Dunawan, of Ranger, for appellee.

HIGGINS, J. Appellee, Penn, brought this suit against J. E. Luse and wife alleging that the defendants, appellants here, were setting up some adverse claim and title to certain land described in the petition which constituted a cloud upon plaintiff's title, and asked that it be removed.

The defendants answered by plea of not guilty, general denial, and a special answer, setting up a reservation of all the coal and minerals in the land contained in a deed dated November 26, 1889, executed by the defendants and through which plaintiff deraigned his title, and that by reason of such reservation the plaintiff acquired no title to such coal and minerals.

The case was tried without a jury, and judgment rendered in favor of Penn for the title to and possession of all oil, petroleum, and gas in, on, and under the surface of the land. From this judgment Luse and wife appeal.

The record contains no findings of fact or conclusions of law by the trial court. The record title to the land as disclosed by the statement of fact is as follows:

First. Patent from the state to Mrs. Luse.

Second. Deed from Mrs. Luse and husband to G. L. Heustis, dated November 26, 1889, which conveys the land with the following reservation:

"But reserving, nevertheless, to the said J. E. Luse and M. L. Luse and the survivors of them and their heirs and assigns forever, all the coal and minerals on the above-described land, and with the right at all times to enter upon the said described premises and prospect thereon and to remove the coal and mineral."

Third. Deed from Mrs. Luse and husband to G. L. Heustis dated February 15, 1892, conveying the land in controversy, "excepting certain rights in the deed reserved."

Fourth. Deed from Heustis to appellee dated February 19, 1898, conveying the land in controversy.

[1, 2] The only question in this case relates to the ownership of the oil, petroleum, and gas in the land. The burden rests upon the appellants to show that the judgment of the lower court was erroneous in vesting title thereto in the appellee. The deed dated November 26, 1889, contains a reservation of all the coal and minerals, and if this were the only conveyance executed by the appellants the question would be presented as to whether or not this reservation reserved in the appellants title to the oil, petroleum, and gas. But it is shown that there is a subsequent deed dated February 15, 1892, to Penn's immediate vendor, executed by the appellants, conveying the land, and, while it appears that certain rights were excepted from the operation of this latter deed, yet there is nothing in the statement of facts to show what these excepted rights and reservations were. The statement of facts is wholly insufficient to advise this court of the nature and scope of the reservations contained in the deed of February 15, 1892. That deed conveyed the land, and this court is unable to say that the oil, petroleum, and gas did not pass thereby. So far as this record is concerned there is nothing to show that the deed of February 15, 1892, did not pass to Heustis title to the oil, petroleum, and gas, and therefore it cannot be said that the court erred in decreeing to the appellee title thereto.

Affirmed.

### On Rehearing.

In their motion for rehearing appellants state that V. W. Parmer is the grantee in the deed dated February 19, 1898. In this they are in error. The statement of facts filed in this court shows that V. W. Penn is the grantee named in that deed, as was stated in the original opinion.

[3] Appellants seem to misapprehend our ruling. It is this: The deed of February 15, 1892, as shown by the record here contains a reservation of certain rights, but it is impossible to tell what the reserved rights were. In the absence of an express reservation by the grantors in that deed of the oil, petroleum, and gas, title thereto passed to Heustis. No such reservation is shown, and it therefore appears that by this deed title to the oil, petroleum, and gas vested in Heustis, who conveyed the same to Penn by his deed of February 19, 1898.

The motion for rehearing is overruled.