## PENN et al. v. HOLLAND et al.

### No. 10601.

Court of Civil Appeals of Texas. Galveston.

April 15, 1937.

Rehearing Denied April 29, 1937.

Baker, Botts, Andrews & Wharton, Palmer Hutcheson, Lawler, Wood & Childress, and Virgil Childress, all of Hous-

ton (Palmer Hutcheson and Virgil Childress, both of Houston, of counsel), for appellants.

Andrews, Kelley, Kurth & Campbell, A. W. Bounds, H. R. Jones, and E. J. Fountain, all of Houston (Donald Campbell, Clay Tallman, and L. A. Thompson, Jr., all of Tulsa, Okl., of counsel), for appellees.

GRAVES, Justice.

This appeal is from a judgment of the trial court, sitting without a jury and acting upon an agreed statement of the facts involved, whereby the appellees as plaintiffs below were awarded—as against the appellants as defendants below—not only the title and possession of a strip of land in the South Houston Oil Field in Harris county 100 feet wide by approximately 1,600 feet long, represented by the parallelogram A B L E D shown on the map attached hereto as Exhibit A, but also a

ther one of the two deeds of the appellant, Louise K. Wells (under her then name of L. K. Decker), the one dated April 26 of 1909, running to the Galveston-Houston Electric Railway, conveying the land shown as A B L E D on Exhibit A, as stated supra, and the other dated July 10 of 1909, running to R. E. Brooks, conveying all of lots 26, 27, and 7.2 acres off the west end of lot 28, as shown on Exhibit A, except the same 3 acres she had conveyed to the railway company by the prior deed of April 26 of 1909 (which exception alone was the tract here in controversy), conveyed a fee-simple estate in the land therein described, or conveyed only an easement along and over such land.

These two deeds were as follows:

That of April 26 of 1909: "Know all men by these presents that I, L. K. Decker, unmarried, of Harris County, Texas, for and in consideration of the sum of

EXHIBIT 'A'

perpetual injunction preventing them from entering upon or drilling oil wells thereon.

The correctness of that determination depends upon whether—in the light of attending circumstances, fore and aft—ei-

$100.00 in hand paid by the Galveston, Houston, Electric Ry. Co., a corporation organized and existing under and by virtue of the laws of the State of Texas, the receipt of which is hereby acknowledged, and in consideration of the ad-

vantages which will accrue to me by the construction of an Interurban line of Railway between Houston and Galveston, have bargained, granted, sold and conveyed and by these presents do bargain, grant, sell and convey unto the said Galveston, Houston Electric Railway Co. a right of way * * * feet in width over, along and through that certain tract or parcel· of land lying and being situated in Harris County, and known as the Mrs. E. J. Heggy survey, the tract of land constituting said right of way is more particularly described as follows, to-wit: Beginning at a point marked for stake which is 218.8 feet North 80 deg. 40 min. East of the West corner of this survey for place of beginning; Thence N. 80 deg. 40 min. E. 129.8 feet to stake west line of said sur.; Thence S. 48 deg. 55 min. E. 1511 feet to stake; Thence S. 9 deg. 20 min. E. 68.2 feet to stake; Thence S. 8 Deg. 40 min. W. 73.4 feet to stake; Thence N. 48 deg. 55 min. W. 1599.6 ft. to point of beginning.

"To have and to hold, the above described right of way together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Galveston-Houston Electric Railway Company, its successors and assigns forever, and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Galveston-Houston Electric Railway Company, its successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof."

That of July 10 of 1909: "Know all men by these presents: That I, L.· K. Decker, of the County of Harris in the State aforesaid, for and in consideration of the sum of three thousand ($3000.00) dollars to me paid by R. E. Brooks, the receipt of which is hereby acknowledged, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said R. E. Brooks of the County of Harris in the State of Texas, all that certain tract of land being situated in the County of Harris, State of Texas, being a part of the H. T. & B. R. R. Company Survey, Section No. Six (6) and being Lots Nos. twenty-six (26) and twenty-seven (27) and seven and two-tenths (7.2) acres off the west end of Lot No. twenty-eight (28) according to· J. D. Jones subdivision of said Section containing thirty-seven and two-tenths (37.2) acres

of land and being the same land conveyed to me by Ellen J. Heggy by deed dated December 7th, 1908, and recorded in Volume 229, page 218–219 of the Deed Records of Harris County, Texas, save and except three (3) acres of land out of said tract, the same having been conveyed by me to the Houston Galveston Electric Railway Company.

"To have and to hold, the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said R. E. Brooks, his heirs and assigns forever. And I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said R. E. Brooks, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

The parties joined issue of law over the construction of these deeds appellants contending that they each did convey a fee-simple estate in the land here in controversy (which is described by metes and bounds in the one of April 26th, and by the excepting clause in that of July 10th), and that, even if the one of April 26th did only convey an easement over the land, nevertheless the later one of July 10th excepted from the grant it was otherwise making to adjoining land a fee-simple estate in the tract here involved, rather than only an easement therein.

On the other hand, the appellees insist that the first of these deeds—the one of April 26th—plainly conveyed nothing but a right of way or easement over the land, in that its operative words related to such a particular right alone, and that the second of them—the one of July 10th—could amount to no more than an exception of the easement so granted in the other.

While there are a number of related transactions—represented by other conveyances passing among and between different ones of the parties—the controlling question the appeal presents is the one of whether or not either of the quoted deeds passed from the grantor to the grantee therein the title to the land itself composing the strip here involved, or a mere easement over the same, as the learned trial court held; if it did, without going further into the deraigning of their several interests, the appellants are entitled to a rendition of the cause in their

**354**

favor; if it did not, the appellees are entitled to have the judgment so rendered below affirmed.

This court, after careful consideration, concludes that the trial court was correct, and that the quoted deeds clearly classed this case among those ruled by Right of Way Oil Co. v. Gladys City Oil, etc., Co., 109 Tex. 94, 157 S.W. 737, 51 L.R.A.(N.S.) 268, et id genus omne, rather than among those ruled by Brightwell v. International-Great Northern R. Co. (Tex.Civ.App.) 41 S.W.(2d) 319, Id., 121 Tex. 338, 49 S.W.(2d) 437, 86 A.L.R. 719, and Calcasieu Lumber Co. v. Harris, 77 Tex. 18, 13 S.W. 453; in other words, the operative language of this grant to the railway company clearly relates to a particular privilege appurtenant to- this land, that is, "the right of way * * * feet in width, over, along, and through" it, thereby passing an easement only and not a fee-simple title; further, that the deed of Decker to Brooks does not rise higher than its source, in the sense that it merely meant—by its express reference back to the conveyance of April 26th—to confirm the right of way and easement over the same land that had been previously granted to the railway company.

The able counsel for the appellants, in urging the contrary construction, says in part this in their brief: "If the property conveyed by L. K. Decker had been described in her deed as 'that certain tract of land constituting a right of way over, along and through the Mrs. E. J. Heggy Survey and more particularly described by metes and bounds as follows,' the proper construction of the deed would not·have been in doubt. It would have fallen inexorably into the category illustrated by the deeds, construed in the Brightwell and Calcasieu Lumber Co. cases."

But the trouble with that argument is, as presaged by what has before been said, that such is definitely and distinctly the very thing that deed did not do—on the contrary, the opposite sense of its verbiage is that the operative words relate only to "a right of way * * * feet in width over, along, and through that certain tract or parcel of land," then by the further description merely pointing out more particularly the location of the land to which that mere right of way might attach; so that,. apparently, the learned counsel in the quoted statement in the zeal of his advocacy is led into as-

suming for illustration purposes an arresting contrast to what the plain recitation of this instrument seems to this court to imply.

Since the lines of cleavage upon the question here presented have been so definitely laid down in our decisions—particularly in those cited supra—it would seem to us a work of supererogation to further extend this discussion; it follows from these conclusions that the judgment should be affirmed, and it will be so ordered.

Affirmed.