## ECKHARDT et al. v. WEINHEIMER et al.

### No. 4722.

Court of Civil Appeals of Texas. El Paso.

April 12, 1950.

Rehearing Denied May 3, 1950.

J. B. Wieser, Fredericksburg, for appellants.

Arthur Stehling, Fredericksburg, for appellees.

McGILL, Justice.

This is an appeal from a judgment of the District Court of Gillespie County, 33d Judicial District. Appellants were plaintiffs and appellees were defendants in the trial court. The suit is an action in trespass to try title to approximately ten acres of land a part of Survey No. 13 Juana Francisco Flores, in Gillespie County. The action was brought in statutory form. Both parties claim title under the holographic will of F. W. Grobe, deceased. This will was duly admitted to probate. Appellants assert that the will by its terms devised to Lenora Eckhardt 67.8 acres of land, being the southwest one-third of the homestead tract of F. W. Grobe, which consisted of approximately 200 acres. Appellees claim

that the will devised to Anna Weinheimer 88.7 acres, being the north portion of said homestead tract, south to a line running east and west to and passing a blackjack tree in a field, thus reducing the acreage claimed by appellants to about 57 acres.

Trial was to the court without a jury. The judgment rendered was that plaintiffs take nothing and that defendants recover the title to and possession of the 88.7 acre tract and their costs. No question is raised as to the sufficiency of the pleadings and it will not be necessary to mention or refer to them further.

We here reproduce the will of F. W. Grobe, deceased:

"Last Will and Testament of F. Wm. Grobe. Fredericksburg, Texas July 1935

"This, my, and wife, last will and Testament of the undersigned F. Wm. Grobe and wife Clara Grobe is this:

"That we will divide our holdings, real estate, money, notes and bonds, equally between our, now living children: to do this we must divide our Farm as shown (in sketch) also town property as shown in sketch lots and parcels numbered, the same as tickets drawn by the children, when they are presented for that purpose, and the holder of same number on ticket as on lot or farm parcel intitles the holder to same The farm is known as Wm. Grobe's Homestead tract of two hundred acres, out of Sur. No. 13, Subd. No 4 North side of the Pedronales River, in Gillespie Co Tex. (No. 1 for this division:) is north part of homestead tract; Begin in east line of said Sub No 4 and N. E. cor of homestead tract Thence South with east line of Homestead tract to a point due east of a Black Jack tree 10" dim., in about the middle of the present field, a stake for S. E. Cor for this parcel Thence west to division fence of Grobe and Joe Metzger stake for S.W.cor; Thence North with with said fence to N. W. cor. of Homestead tract; Thence S. E. to beg. parcel No. 2: Beg. S. E. Cor. of Sub. No. 4; Thence north with east line of said sub. No. 4 and Homestead tract to S. E. cor. of Division No 1; Thence west with south line of parcel No 1 ...... to a point 10 vrs. west of the middle of said

Homestead tract; Thence South to the river. The remaining S. West parcel 67 acres more or less of Homestead tract is No. 3, for this division only.

"Town property is one lot No. 1, and ½ lot No 2 in Gold addition in Fredericksburg Texas, divided as follows:

"(the number given to *this* lots are for *thir* division only) No. 1 is ⅔ of North ½ of Lot No. 2 52x160 ft begin. on its North West cor. East side of Llano Road: Lot No. 2 is the S.E. ⅓ of the N. W. half of lot No 2 and S. E. ⅓ of lot no 1—62 x 127 ft; lot no 3 (for this division only) is north west half of lot no 1—37½ x 180 ft long dividing dwelling house in fhe middle for two owners: The foregoing parcels, or lots to the heirs (children) are subject to these conditions: Not to sell, trade or give away to nobody, except, to Brother, or Sister, each tract, parcel or lot of real Estate costs the owner nothing, therefore has no reason to sell it, before ten years in their posession, not then, unless every h*eirs* signature is obtained to the deal, from all. then living children;

"If any one of the heirs, should be dissatisfied with our last will and testament, and will have it tested of its legality in court, will lose all his part in the real estate, as this is a free will transaction, as each one is permi*te*d to draw his ticket not blindfolded

"Then as stated before, the same number on ticket drawn, the same number on lot or parcel of land on Farm will entitle the holder to same, and can take po*s*ession of same, ten days after both, the undersigned are no more.

"It is our wish, and make it a Breach of Faith who will borrow money from an outsider, and let any part of the inherited property stand for it, as Security

"We have Dozens of Articles worth to have and worth to keep, therefore we suggest to divide these articles between the heirs by auction, selling each piece to the highest bidder—and, after all is sold, count the money, and divide equally between the bidders, man or wife, thereby each heir gets what they want, at their own *priz*e, and rebate besides

**252**

"The Farm is known as Wm. Grobe's Homestead tract of two hundred acres, out of Sur. No. 13-Subd. No 4 North side of the Pedernales River in Gillespie Co. Texas (For this division No 1) is north part of (67 acres more or less) of Homestead tract, Beg. in east line of said subd No 4 and N. E. cor. of Homestead tract; Thence South with east line of Homestead tract to a point dueeast of a Black Jack tree 10″ diam. in about the middle of the present field, a stake for S. E. cor. of this parcel Thence West to division fence of Grobe, and Joe Metzger stake for S. W. cor; Thence North with said fence to N. W. Cor. of Homestead tract; Thence S. E. to beg.—parcel No 2 Beg. S. E. cor. of Subd. No. 4; Thence north with east line of said subd. No. 4 and Homestead tract to S. E. cor of division No. 1; Thence with S. Line of parcel No. 1 to a point 10 vrs. west of the middle of said Homestead tract; Thence South to the River, and down the River to beg. (containing 67 acres, more or less) The remaining S. West parcel (67 acres more or less) of Homestead tract is No 3 for this division only;

"Town property is: One lot No 1 and ½ lot of No 2 in Gold addition in Fredericksburg Texas divided as follows: (the numbers given to these lots are for this division only) Lot No 1 is near ⅔ of North ½ of lot No 2, 52 x 160 ft long, Beg at its north west cor. East side Llano Road

"Lot No 2 is the S. E. ⅓ of the N. W. ½ Lot No. 2 and S. E. ⅓ of lot No 1—62 x 127 ft. Lot No. 3 is north west ½ of lot No 1—37 x 160 ft, lot No 4 is South half of said lot No 1 and 37½ ft wide, and 160 ft long, dividing Dwelling in the middle for two owners

"All of the then living children will have a Drawing of the numbers which will devide ownership

"All of this described property will not hold foen debts or security to borrow money on, or to be sold or given away in parcels or as a whole except to Brother or Sister.

　"Signed by F. W. *Grove*
　　　and wife
　　　"Clara Grobe.　March 6, 1935."

Appellants' points are that the court erred in holding that the will was clear and unambiguous and clearly expressed the intention of the testator to devise to Anna Weinheimer the north portion of the 200 acre homestead tract embracing 88.7 acres and in rendering judgment for appellees accordingly; in denying appellants' contention that the will contemplated an equal division of the acreage and devised 67.8 acres to Anna Weinheimer and 67.8 acres to Lenora Eckhardt, and in refusing to admit oral testimony offered to show that this was the true intention of testator.

■ There is some evidence that at the time the testator wrote the will there were located on the 200 acre tract blackjack trees other than the one which the surveyor used in making field notes of the 88.7 acre tract. These trees were located from 250 to 400 yards north of the tree used. However, the evidence is ample, indeed it preponderates, in support of the trial court's implied finding that the tree used by the surveyor was that specified in the will. We must therefore assume this to be a fact. This being true, the trial court did not err in holding that the will was not ambiguous. In this respect there can be no valid distinction between the rule applicable to the construction of deeds and that applicable to the construction of wills. Where a deed describes land by metes and bounds it conveys the land as described, notwithstanding the fact that the quantity stated is greater or less than the actual area. The presumption is that the quantity was computed from the description, not that the parties intended to convey the quantity mentioned at all events, 14 Tex. Jur.Sec. 248, p. 1042, and there can be no doubt what the deed conveys whatever the grantor may have intended it to convey. Cullers v. Platt, 81 Tex. 258, loc. cit. 264, 16 S.W. 1003, loc. cit. 1005; Standefer v. Miller, Tex.Civ.App., 182 S.W. 1149; Thompson v. Bracken, Tex.Civ.App., 93 S. W.2d 614, loc. cit. 616(2), wr. ref. So here, once the blackjack tree referred to in the will of F. W. Grobe is identified and located on the ground there can be no doubt what land the will devises, regardless of

what the testator intended it to devise. It is true that in construing a will the intention of the testator must be ascertained and given effect if possible, and if not in contravention of some established rule of law or public policy. Jackson v. Templin, Tex. Com.App., 66 S.W.2d 666, loc. cit. 668(1), 92 A.L.R. 873. Here, to give effect to the intention of the testator to divide the 200 acre tract into three tracts, each having an area of 67.8 acres, if such intention could have been shown by the proffered parol testimony would contravene the established rule of law above referred to. Furthermore, to do so would result in conflict with the specific description of the 87.8 acre tract contained in the will, Standefer v. Miller, supra, and result in the court's in effect writing a will instead of construing the will written by the testator. That courts have no such prerogative is elementary.

The judgment is affirmed.