George **MELTON** et al., Appellants,

v.

V. V. **DAVIS** et ux., Appellees.

No. 420.

Court of Civil Appeals of Texas.

Tyler.

May 29, 1969.

Rehearing Denied July 10, 1969.

Ivan Alexander, Emory, for George Melton, and another.

Ramey, Brelsford, Flock, Devereux & Hutchins, Donald Carroll and Michael A. Hatchell, Tyler, for Sinclair Oil & Gas Co.

Wynne & Wynne, Gordon R. Wynne, Wills Point, for appellees.

MOORE, Justice.

This is a suit in trespass to try title brought by appellees, V. V. Davis and wife, against appellants, George Melton and Sinclair Oil & Gas Company, the oil and gas lessee, to recover the fee mineral estate in and under approximately 4.178 acres of land out of a larger 92.5 acre tract. Appellees, V. V. Davis and wife, claim title to the mineral estate under said 4.178 acre tract by virtue of an exception in the deed conveying the 92.5 acre tract to the Meltons.

After a trial before the court, sitting without a jury, the trial court rendered judgment in favor of appellees, from which appellants duly perfected this appeal.

The deed conveying the 92.5 acre tract and excepting the 4.178 acre tract reads, in part, as follows:

"KNOW ALL MEN BY THESE PRESENTS:

"That we, V. V. Davis and wife, Vada Davis, of the County of Rains, State of Texas, for and in consideration of the sum of Ten Dollars and other good and valuable consideration, to us in hand paid by George Melton and wife, Faye Melton, * * *

" * * * have Granted, Sold and Conveyed and by these presents do Grant, Sell and Convey, unto the said George Melton and wife, Faye Melton, of the County of Rains, State of Texas, all that certain tract, lot or parcel of land, situated in Rains County, Texas, and described as follows:

88.3 acres of the B. de O'Sinea survey, described in three tracts:

1st tract: 42.7 acres of said survey:

Beginning at the SW corner of 60 acres sold by M. Taylor to A. F. Williams:

Thence South 578.8 varas;

Thence East 715.8 varas;

Thence North 578.8 varas;

Thence West 715.8 varas to the beginning, containing 73.3 acres of land, LESS 30.6 acres sold to B. B. Bullard, leaving 42.7 acres.

2nd tract: 25 acres of said survey:

Beginning at the NW corner of 50 acres sold by J. W. Reeves to Saluda Baker;

Thence South 279 varas;

Thence East 505.7 varas;

Thence North 279 varas;

Thence West 505.7 varas the beginning.

3rd tract: 24.5 acres of said survey;

Beginning at the NW corner of 100 acres sold by Milam Taylor to J. W. Reeves;

Thence North 276.4 varas;

Thence East 501 varas;

Thence South 276.4 varas;

Thence West 501 varas, the beginning, containing in said three tracts

92.5 acres of land, *from which is excepted 4.178 acres conveyed to The State of Texas, for right of way for Highway #19, leaving 88.3 acres of land.* (Emphasis supplied.)

"TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said George Melton and wife, Faye Melton, their heirs and assigns forever and we do hereby bind ourselves, our heirs, executors and administrators, to Warrant and Forever Defend, all and singular the said premises unto the said George Melton, and wife, Faye Melton, their heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof."

While the deed indicates that the excepted land consists of a 4.178 acre tract, the record reveals that the 4.178 acres consist of two separate tracts conveyed to the State of Texas by the Davises by two separate instruments. By the first instrument, the Davises conveyed to the State an easement for a drainage channel over 0.172 acres and reserved the mineral rights thereunder. In the second instrument, the Davises conveyed by warranty deed 4.006 acres to the State for right of way purposes reserving the mineral estate.

Appellants have attacked the judgment by three points of error asserting that the trial court erred in finding that the deed did not pass the mineral estate under the 4.178 acres in dispute. It is their contention that since the Davises conveyed them 92.5 acres of land describing same by metes and bounds, they conveyed all of the mineral estate under all the 92.5 acre tract, including the minerals owned by them under the two disputed tracts containing 4.178 acres.

Appellees seek to uphold the judgment asserting that the conveyance in the deed referring to the land as "88.3 acres of the B. de O'Sinea survey, described in three tracts" and "leaving 88.3 acres of land" conclusively shows that the grantors did not intend to convey 92.5 acres, but intended to convey only 88.3 acres and to reserve unto themselves the minerals under the 4.178 acres in controversy. Secondly, they argue that the judgment must be sustained upon the ground that the deed was ambiguous and the extrinsic evidence offered by them in the nature of subsequent deeds wherein the appellants referred to the land granted them by the Davises as being 88.3 acres constituted sufficient evidence showing that the parties intended to convey only 88.3 acres of land.

The sole and only question is whether or not the title to the mineral estate under the 4.178 acres passed to the Meltons under the above quoted deed.

An examination of the exception clause in the Davis-Melton deed clearly shows that the grantors intended to except only that which had previously been conveyed to the State of Texas. It is without dispute that the only thing that the Davises had previously conveyed to the State was an easement over the 4.178 acres for highway purposes. Consequently, at the time of the execution of the deed, the Davises owned the mineral estate under the 4.178 acres burdened by the easement. The question presented is whether the exception had the effect of not only excepting the 4.178 acre easement, but also had the effect of excepting the mineral estate thereunder, thereby leaving the title to the same in the Davises.

In the case of Lewis v. East Texas Finance Co., 136 Tex. 149, 146 S.W.2d 977, the same question was before the court and the court said:

"An instrument of conveyance which conveys land definitely described in such instrument, and then excepts from which conveyance a road, railroad right of way, canal right of way, etc., as such, occupying a mere easement on, over, or across the land conveyed, conveys the fee to the entire tract, and the exception only operates to render the conveyance or grant subject to the easement. Bolton v.

Dyck Oil Co., Tex.Civ.App., writ dismissed W.O.J., 114 S.W.2d 299; Penn v. Holland, Tex.Civ.App., writ refused, 105 S.W.2d 351; Shell Petroleum Corp. v. Ward, 5 Cir., 100 F.2d 778; Kansas City Southern Ry. Co. v. Marietta Oil Corp., 5 Cir., 102 F.2d 603; Cox v. Campbell, Tex.Sup., 143 S.W.2d 361; Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080, 85 A.L.R. 391; Devlin on Deeds, 3d Ed., p. 1851, § 989; 18 C.J., p. 338; Thompson on Real Property, § 3205."

■ A reading of the deed shows that in the granting clause, it grants, sells and conveys to the grantees "*all* that certain tract, lot or parcel of *land*, * * * described as follows:" (Emphasis supplied.) Then follows a description of 92.5 acres, which clearly, definitely and certainly describes the 92.5 acre tract, which includes the 4.178 acres in question. Under the rules of law announced in the foregoing authorities, the exception in the deed can have no other effect than to say that the grant is burdened with the easement for highway purposes and that the surface area covered by the easement is not to be taken into consideration in computing the number of surface acres conveyed. As a result, we are of the opinion that the mineral estate under the 4.178 acres passed to appellants.

■ Appellees undertake to uphold the judgment by asserting that the conflicts in the call for quantity create an ambiguity and as a result, the trial court was authorized to find that the parties intended to convey only 88.3 acres of land based upon the extrinsic evidence offered by them. As we construe the deed, no ambiguity exists.

In the construction of an instrument, where there is a particular description by metes and bounds and there is a repugnance between the particular description in the deed and a general description, it has been held that where a grantor conveys specifically by metes and bounds, so that there can be no controversy about what land is included and really conveyed, a general

description cannot control. A general description may be looked to in aid of a particular description that is defective or doubtful, but not to control or override a particular description about which there can be no doubt. Cullers v. Platt, 81 Tex. 258, 16 S.W. 1003; Whaley v. Lemmon, (Tex.Civ.App.) 281 S.W. 321; Standefer v. Miller, (Tex.Civ.App.) 182 S.W. 1149; 9 Tex.Jur.2d, Sec. 21, pages 538–541.

■ The metes and bounds description in the present deed conveying 92.5 acres is definite and certain. The granting clause purports to convey all the land owned by grantors. Since grantors excepted only an easement or the surface estate over the 4.178 acres, it is apparent that they intended to convey the fee to 92.5 acres of land, including the 4.178 acres in controversy, subject only to the surface easement previously conveyed to the State of Texas. Luse v. Penn, (Tex.Civ.App.) 220 S.W. 303; Donnell v. Otts, (Tex.Civ.App.) 230 S.W. 864; Penn v. Holland, supra; Bolton v. Dyck Oil Co., supra. Since there can be no doubt about what land appellees conveyed to appellants, regardless of what they may have intended to convey, no ambiguity existed and as a result, extrinsic evidence was not admissible.

■ If appellees had intended to reserve the disputed minerals, they could have done so by apt language specifically and unequivocally expressing such intent. Klein v. Humble Oil & Refining Co., (Tex.Civ. App.) 67 S.W.2d 911. Having failed to do so, title to the mineral estate in question passed to the appellants under the deed.

For the reasons stated, the judgment of the trial court is reversed and judgment is hereby rendered for appellants for title and possession of the land sued for.

SELLERS, Justice.

I am unable to agree with the foregoing opinion of Judge Moore.

The sole question for consideration is the construction of a deed that is not am-

biguous. I have no fault to find with the authorities cited in the opinion of the Majority but they have no application to the facts of this case.

It is my opinion that the rules for the construction of an unambiguous deed are set out in an opinion of the Supreme Court by Judge Speer in the case of Reynolds v. McMan Oil & Gas Co., 11 S.W.2d 778, 781, as follows:

"First, of course, in construing a deed, like any other contract, the intention of the parties is of primary and controlling importance. Where the contract is unambiguous, this intention must be determined from the instrument itself, considering all its parts in their proper bearing. If the terms of the instrument give it a definite legal effect, the inquiry is concluded, and no intention, however discovered, can contradict or destroy the legal effect of the terms used. If the instrument as written does not really represent the contract as made, there may be a right in equity to relief by way of cancellation or reformation, but this does not pertain to construction, and the principle has no place in the present inquiry, for all parties are standing on the contract as written.

"In determining the legal effect of a deed, whether as to grant, exception, reservation, consideration, or other feature, the inquiry is not to be determined alone from a single word, clause, or part but from every word, clause, and part that is pertinent. The relative positions of the different parts of the instrument are not necessarily controlling; the modern and sounder reason being to ignore the technical distinctions between the various parts of the deed, and to seek the grantor's intention from them all without undue preference to any, for the plain intention of the grantor as disclosed by the deed as a whole controls the construction. These rules are elementary.

\* \* \* \* \* \*

"\* \* \* A part excepted is not granted. A part or estate not granted necessarily remains with the grantor. Associated Oil Co. v. Hart (Tex.Com. App.) 277 S.W. 1043."

When we apply these rules of construction to the deed under consideration, we find the instrument is a deed of conveyance of the fee title to 88.3 acres of land of the B. de O'Sinea Survey described in three tracts. The field note description describes 92.5 acres. Following the field note description is the following exception:

"\* \* \* from which is excepted 4.178 acres conveyed to the State of Texas, for right of way for Highway #19, leaving 88.3 acres of land."

Giving effect to this exception, it is without dispute that the deed only conveys 88.3 acres of the fee title to the land, and the fee title to the exception is not granted by the deed but remains in the grantor.

When you go to the deeds to the State above referred to, you find a field note description of the 4.178 acres retained by the exception. The fact that these deeds to the State retain in the grantor the mineral estate which was not conveyed to the State does not render the exception anything less than a fee title to the 4.178 acres of land excepted. The fee title to the exception was never a part of the land granted but remained in the grantor. The fact that the exception refers to the 4.178 acres having been conveyed to the State when only the surface had been conveyed to the State does not invalidate the exception.

In the case of Pich v. Lankford et al, 157 Tex. 335, 302 S.W.2d 645, 649, Judge Calvert cites with approval from Corpus Juris Secundum (26 C.J.S. Deeds § 139, p. 1008), as follows:

"'Further, when certain tracts excepted are specifically described, and it is further recited that they have been previously sold or conveyed, the exception will be good, although the recital is false

since it may be rejected, or although the prior conveyance did not effectuate a transfer of the property described therein, or even though the property previously conveyed reverts to the grantor by reason of the grantee in the prior conveyance ceasing to use it for the purpose prescribed in the deed.' "

These authorities, it would seem, fully support the trial court's finding that there was a valid exception in the deed from Davis to Melton, and for this reason, it is my opinion that the judgment of the trial court should be affirmed.

## ON REHEARING

MOORE, Justice.

On Motion for Rehearing, appellees call our attention to the fact that the instrument by which the Davises conveyed the 4.006 acre tract to the State of Texas was a warranty deed conveying title to the surface estate with a reservation of the mineral estate, rather than an easement. While appellees' interpretation is correct, we do not believe it would have any effect upon our original ruling. The fact remains that when the Davises conveyed the 92.5 acre tract to the Meltons, they did not deduct therefrom any "land," but only deducted "4.178 acres *conveyed* to the State of Texas for right of way." Thus, the exception by its own wording deducted from the conveyance only that which had been previously conveyed. Consequently, if their previous deed to the State conveyed nothing more than the surface estate to the 4.006 acre tract, the exception in the present deed could only mean that the grantors intended to deduct therefrom the surface estate and not the mineral estate. The manifest intention in so doing was to protect the grantors from a claim that they had breached their warranty by conveying that which they had theretofore conveyed the State of Texas.

In view of the fact that the metes and bounds description to the 92.5 acre tract

includes the 4.006 acre mineral estate owned by the Davises and excepted only the surface estate over such smaller tract, we remain convinced that the 4.006 acre mineral estate passed to the grantees.

The Motion for Rehearing is overruled.